O’Neall, J.
This case is presented in two aspects : 1. It is denied that there is any necessity, in any case, ior a judge s order to give in evidence a copy of the indictment in an action for malicious prosecution : 2. If that necessity exists in cases of felony, then that this case is not a felony,
1- The first proposition is based upon an ingenious argument; our rule of Court (the 79th) adopted in 1814, which declares that “ a copy of the indictment, in cases of felony sjla]¡ be obtained by order of the judge before whom the cause is brought, before an action of malicious prosecution shall be commenced,” violates the 6th section of the 9th Article of the Constitution of this State, which provides that “the trialhjjwy, as heretofore used in this State, shall be forever inviolably preserved.” The argument assumes that the rule of Court took from the party indicted the right of having the question of the existence of probable cause tried by a jury, as was usual before, and at the time of the adoption of our Constitution. Without looking back to the old disputes about the rights and powers of the Court aud jury in relation to the question of probable cause, which is now settled by the rule that the Court shall declare what facts constitute probable cause, and that the jury must find whether they exist in the cause, it will be necessary to examine what was the rule before 1790, as to the defendant’s right to have a copy of the in-dictmcnt in felony, in an action for malicious prosecution.
*675 As far back as Michaelmas Term, 9 William III. about the year 1697, in the case of Groenvelt v. Burrell, Holt, C. J. said, “if A. be indicted of felony and acquitted, and he has a mind to bring an action, the judge will not permit him to have a copy of the record, if there was probable cause of the indict, ment, and he cannot have a copy without leave.” 1 Ld. Ray. 253. Although subsequent cases, as will hereafter appear, allow a copy to be given in evidence, even without a judge’s order, yet the statement of the rule, as made by Lord C. J. Holt, is sustained by them all; and shews very clearly that the judge who tried the indictment might, without the intervention of a jury, for the purpose of saying whether a copy of the indictment should or should not be granted, decide on the existence of probable cause.
In the case of Jordan v. Lewis, Stra. 1122, more accurately reported in 14 East, 304, (note a) the plaintiff and one Stebbing had been indicted and acquitted of forgery, and a copy of the indictment ordered to be delivered to Stebbing ; the copy was offered in evidence for the plaintiff, and objected to, on the ground that it was not ordered for him. The Court overruled the objection, and on a motion for a new trial, it was held that “ this being a copy of the indictment, the Court could not refuse receiving it in evidence; nor could the Court take notice in what manner it was obtained.”
In the case of Legatt v. Tollervey, 14 E. 302, Lord Ellen, borough said, (and his opinion was assented to by the whole Court,) “ it is very clear that it is the duty of the officer charged with the custody of the records of the Court, not to produce a record but upon competent authority, which at the Old Bailey is obtained upon application to the Court, pursuant to the order which has long prevailed there ; and with respect to the general records of the realm, upon application to the Attorney General. But if the officer shall, even without authority, have given a copy of a record or produce the original, and that is proved in evidence, I cannot say that such evidence shall not be received.” These cases, although they sustain an exception under the rule stated by Holt, yet plainly shew that it was the common law before our Constitution, that the judge should grant or refuse a copy of the indictment as he might think probable cause did or did not exist; and hence that our rule, predicated upon this common law, was no abridgement of the plaintiff’s right of the trial by jury as used in this State before our Constitution.
Indeed, in looking into the case of Taylor v. Cooper and wife, 2 Con. Rep. (by Mill) 208, it will be seen that the English rule had its origin in 16 Car. 2, and that it is as extensive as our rule, upon a reasonable construction. For it pro *676 vWes “ that no copies of any indictment for felony be given without special order upon motion in open Court, at the generai ga°l delivery ; for the late frequency of actions against prosecutors, (which cannot be without copies of the indictment,) <jetorred people from prosecuting for the King,” The rule supposes that actions could not be carried on without copies, and provides that the copies shall only be obtained by special order. This was equivalent to saying that a copy of the indictment must be obtained by the order of the judge before whom the action is brought, (or rather tried,) before an action of malicious prosecution shall be commenced. I am hence satisfied that there is nothing in the objection to the constitutionality of our rule of Court; and according to its letter and spirit, a copy of the indictment in cases of felony, must be obtained by the order of the judge who tries the indictment, before an action of malicious prosecution shall he commenced.
2. This conclusion makes it necessary to inquire whether cow stealing he felony ? A similar question might have been raised in the case of Taylor v. Cooper and wife; for the plaintiff there had been indicted for hog stealing ; but that case was decided on the ground that as the grand jury had thrown out the bill of indictment, a judge’s order was not necessary in order that the plaintiff should give a copy in evidence.
The 2d section of the act of 1789, P. L. 486, provides that “ any person or persons who shall be lawfully convicted of stealing any bull, cow, ox, steer or calf, shall be subject to a fine or penally of £10 sterling, for each and every bull, cow, ox, Steer or calf; for stealing of which he or they may be convicted as aforesaid ; and in case any such offender or offenders shall not be able to pay such fine or penalty, he, she, or they, instead of such fine or penalty, shall be subject to be publicly whipped, and severally receive a number of lashes or stripes, not exceeding 39 stripes or lashes, on the bare back ; and if any of the said offenders shall, at any time afterwards, commit or repeat the like offence, he, she, or they, on conviction thereof, shall be subject to be publicly whipped, and severally receive a number of lashes or stripes, not exceeding 50 stripes or lashes on the bare back.” Before the passage of this act, the stealing a cow would have been a larceny at common law, and therefore felony ; but since its passage no one would think of indicting at common law. I have some recollections of an old case, not reported, in which it was held, that an indictment at common law would not lie for larceny, when the statute (as in cases of cow, hog, or sheep stealing) had made the offence punishable, by fine or corporal punishment at the election of the party. Indeed the act is in this respect a repeal of the common law ; for it subjects the *677 party to a less punishment, and the two cannot therefore stand together. The nature and grade of the offence of cow stealing must be judged of from the act; and it imparts to the offence none of the essential qualities of felony, which are, upon conviction, judgement of life or member, or a forfeiture at common law of lands and goods. In Hawkins, P. C. Book 1, chap. 40, sec. 2, it is stated as good law, “ But an offence shall never be made felony by the construction of any doubt, ful and ambiguous words of a statute, and therefore, if it be only prohibited under pain of forfeiting all that a man has, or of forfeiting body and goods, or being at the King’s will for body, land and goods, it shall amount to no more than a high misdemeanor, punishable by imprisonment,” &c. It would hence follow that a statute punishing an offence by fine or whipping, as an alternative to be decided by the party convicted, cannot be felony ; for its words would be much more ambiguous of an intention to make it felony, than those stated by Hawkins. Cow stealing is clearly only a misdemeanor by statute, and it cannot be made to have any of the incidents of a felony by looking back to what it was at common law. Being only a misdemeanor, the rule of the Court does not reach such a case; and a judge’s order was not necessary to authorize a copy of the indictment to be given in evidence; Mims v. Burts, 2 Con. Rep. (by Mill 308.)
Whitfield, for the motion.
The motion to set aside the non-suit is granted.
Johnson and Harper, Js. concurred.